## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

| | | |
|---|---|---|
| **OMAR HERNANDEZ,** individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | N<small>O</small>. 1:20-<small>CV</small>-3010 |
| | ) | |
| **v.** | ) | J<small>UDGE</small>:_____ |
| | ) | |
| **ILLINOIS INSTITUTE OF TECHNOLOGY,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Omar Hernandez ("Plaintiff") by and through undersigned counsel, brings this action against Illinois Institute of Technology ("Defendant" or the "Institute") on behalf of himself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

### PRELIMINARY STATEMENT

1. Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid

1

fees and tuition.

3. Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

**PARTIES**

5. Defendant Illinois Institute of Technology is an institution of higher learning located in Chicago, State of Illinois.

6. Upon information and belief, Defendant has an estimated endowment of approximately $242.9 Million.[1]

7. Moreover, upon information and belief, Defendant is eligible to receive federal stimulus under the CARES Act. The Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff is an individual and a resident and citizen of the state of Illinois.

9. Plaintiff was enrolled in Defendant's graduate program, studying I.T. Management.

10. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing, or otherwise.

---

[1] https://web.iit.edu/sites/web/files/departments/controller/pdfs/Fiscal%20Year%202019%20Financial%20Statements.pdf

11. There are hundreds, if not thousands, of institutions of higher learning in this country.

12. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

13. Defendant's institution offers in person, hands on curriculum.

14. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

15. Defendant markets the on campus experience as a benefit of enrollment, suggesting that their hands-on learning approach is "one of a kind" and forms the foundation of their educational approach:[2] [3]



16. Common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that

---

[2] https://www.iit.edu/
[3] https://www.iit.edu/academics/active-learning

can be provided in person.

17. Moreover, the true college experience encompasses much more than just the credit hours and degrees.  The college experience consists of:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.    Student governance and student unions;

    iv.    Extra-curricular activities, groups, intramurals, etc;

    v.    Student art, cultures, and other activities;

    vi.    Social development and independence;

    vii.    Hands on learning and experimentation; and

    viii.    Networking and mentorship opportunities.

18. Plaintiff's education has changed from in-person hands on learning to online instruction.

19. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

20. In addition to tuition, Plaintiff was required to pay and did pay certain mandatory fees, including but not limited to an activity fee and a student services fee.

21. The activity fee is a mandatory fee charged to all students at Defendant's institution, including graduate and undergraduate students, and full and part time students; except that said fee is not charged to students enrolled in the law school.[4]

22. The school advertises the activity fee as "a mandatory fee that assists programs directly related to campus activities in conjunction with student organizations…[including] student organizations' operational, programming, and conference budgets as well as

---

[4] See, generally, https://web.iit.edu/student-accounting/tuition-fees/current-tuition

large-scale campus events."[5]

23. As a result of restricting students from campus, Defendant is no longer offering the services for which this fee was charged. Campus activities have been cancelled; student organizations are no longer offering campus programming, nor are they permitted to travel to or host conferences; and all large-scale campus events have been cancelled and prohibited.

24. Student's at Defendant's law school do not pay the activity fee, but rather pay a different fee called a student activity fee.[6]

25. This student activity fee is advertised as a fee providing "funding for major speakers, and for all other organizations and activities."[7]

26. As a result of restricting students from campus, Defendant is no longer providing its law students with speakers or other activities for which this fee was charged.

27. The student services fee is a mandatory fee charged to all students at Defendant's institution, including graduate and undergraduate students, and full and part time students; except that said fee is not charged to students enrolled in the law school or the Institute of Design.[8]

28. The student services fee is advertised as "a mandatory fee that supports many on-campus departments such as Athletics, Paul V. Galvin Library, Career Services, and Technology Services."[9]

29. As a result of restricting students from campus, Defendant is no longer offering the

---

[5] https://web.iit.edu/student-accounting/tuition-fees/mandatory-and-other-fees
[6] https://www.kentlaw.iit.edu/current-students/tuition-and-financial-assistance/tuition-and-fees/archives/jd-tuition-and-fees-2019-20
[7] Id.
[8] See, generally, https://web.iit.edu/student-accounting/tuition-fees/current-tuition
[9] https://web.iit.edu/student-accounting/tuition-fees/mandatory-and-other-fees#student-service-fee

services for which this fee was intended to cover, namely athletic functions, and access to campus libraries, computer labs, and internet networks.

30. Defendant charges students in its school of business a separate mandatory fee called a professional co-curricular fee.[10]

31. This fee is advertised as a mandatory fee supporting "co-curricular programs that enhance students' academic experience and increase their career readiness."[11]

32. As a result of restricting students from campus, Defendant is no longer providing access to such programs.

33. Finally, Defendant charges a studio fee for all students enrolled in the Institute of Design program(s).[12]

34. As a result of restricting students from campus, these studios are no longer available for use by such students.

35. In addition to the above referenced mandatory fees, Defendant charges a myriad of other program-specific and access based fees, including without limitation, a parking fee for students desiring to park on campus.

**JURISDICTION AND VENUE**

36. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

37. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Illinois and conducts business in Illinois.

---

[10] https://web.iit.edu/student-accounting/tuition-fees/current-tuition/stuart-school-business
[11] https://web.iit.edu/student-accounting/tuition-fees/mandatory-and-other-fees#co-curricular-fee
[12] https://web.iit.edu/student-accounting/tuition-fees/current-tuition/institute-design

38. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is a corporate body domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

39. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 13, 2020.[13]

40. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 9, 2020 and commencement ceremonies on May 16, 2020.[14]

41. Defendant's Spring break began on or about March 16, 2020 and was supposed to end on or about March 21, 2020, with students to return for in person classes beginning March 23, 2020.[15]

42. However, as a result of the COVID-19 pandemic, Defendant announced on March 12, 2020 that it was moving all classes online following the return from Spring Break.[16]

43. In this announcement, Defendant "strongly encourage[ed] students planning to depart for spring break to make plans not to return to campus until further notice and finish the semester from home, if at all possible."[17]

44. On March 12, 2020, Defendant announced that all university-sponsored air and train travel was being suspended immediately, including class activities, athletic endeavors, and conference attendance.[18]

---

[13] https://web.iit.edu/registrar/academic-calendar
[14] Id.
[15] Id.
[16] https://www.iit.edu/COVID-19
[17] Id.
[18] Id.

45. On March 16, 2020, Defendant announced that neither its libraries nor the Keating Sports Center would re-open to students following Spring Break.[19]

46. On March 19, 2020, Defendant again issued a notice "strongly urging" students not to return following Spring Break, and noting, "[s]tudents who have absolutely no other option but to return to the university must understand that they will be returning to a very different campus environment."[20]

47. On March 20, 2020, Defendant announced that it would be moving nearly all classes to a pass/fail grading model.[21] This varied significantly from similar institutions that allowed students the option, but did not require all students to universally switch to pass/fail grading.

48. This uniform policy operated to the detriment of many students.

49. Also on March 20, 2020, Defendant issued a notice that abandoned the notion of "strongly discouraging" students from returning to campus, and instead, outright prohibited students from returning to campus, absent extraordinary circumstances.[22]

50. For students who were permitted to remain on campus, Defendant restricted their movements to the dorms, dining facilities, and travel for essential services.[23]

51. Based on the dates set forth above, upon information and belief, Defendant's move to online classes and constructive eviction of students on March 23, deprived Plaintiffs and other members of the Classes from access to campus and in person instruction for approximately 40% of the semester for which they had contracted.

52. Although Defendant is still offering some level of academic instruction via online

---

[19] Id.
[20] Id.
[21] Id.
[22] Id.
[23] Id.

8

classes, Plaintiffs and members of the proposed Tuition Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

53. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of their lives.

54. Likewise, Plaintiffs and members of the proposed Fees Class have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, and other opportunities.

55. Nonetheless, Defendant has refused and continues to refuse to offer any pro-rated discounts or refunds on the tuition and mandatory fees that Students have already pre-paid:[24]

> **Q: Will my tuition be refunded or discounted for the Spring semester? What about activity and/or student fees?**
> **A:** Our goal is to ensure academic instruction continues throughout the semester. Because instruction has continued, tuition and applicable fees will not be refunded.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the Institute for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the Institute for the Spring 2020 semester.

---

[24] https://web.iit.edu/financial-aid/covid-19

57. Excluded from the Classes are The Board of Trustees of the Illinois Institute of technology (or similar governing body) and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

58. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

59. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

60. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

61. This action involves common questions of law and fact, which predominate over any

10

questions affecting individual Class members, including, without limitation:

    i.    Whether Defendant engaged in the conduct alleged herein;

    ii.    Whether there is a difference in value between online distance learning and live in-person instruction;

    iii.    Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

    iv.    Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

    v.    Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

    vi.    Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

    vii.    Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

    viii.    Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

    ix.    The amount and nature of relief to be awarded to Plaintiff and the other Class members.

## Typicality: Fed. R. Civ. P. 23(a)(3)

62. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

## Adequacy: Fed. R. Civ. P. 23(a)(4)

63. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of other members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority: Fed. R. Civ. P. 23(b)(3)

64. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

65. Even if Class members could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a

12

single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

66. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

### Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

67. The Institute has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

68. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

69. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

70. Plaintiff and the Tuition Class entered into contracts with the Institute which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the Institute would provide live in-person instruction in a physical classroom.

71. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

72. The Institute breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

73. The Institute retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

74. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

75. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

## FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

76. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

77. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

78. This claim is pled in the alternative to, and to the extent it is determined a contract does not exist or otherwise apply to, the contract-based claim set forth in the First Cause of Action above.

79. The Institute has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

80. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

14

81. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

82. Defendant has realized this benefit by accepting such payment.

83. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

84. Equity and good conscience requires that the Institute return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

85. Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

86. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

87. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

88. Plaintiff and the Fees Class entered into contracts with the Institute which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the Institute would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

89. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

90. The Institute breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively

evicting students from campus, and closing most campus buildings and facilities.

91. The Institute retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

92. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

93. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Fees Class)**

94. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

95. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

96. This claim is pled in the alternative to, and to the extent it is determined a contract does not exist or otherwise apply to, the contract-based claim set forth in the Third Cause of Action above.

97. The Institute has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

98. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

99. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when

16

they paid the fees.

100.     Defendant has realized this benefit by accepting such payment.

101.     Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

102.     Equity and good conscience requires that the Institute return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

103.     Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Class(es), pray for judgment in their favor and against Defendant as follows:

a.     Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.     Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.     Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d.     Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f.     Scheduling a trial by jury in this action;

g.     Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

17

h.      Awarding pre and post judgment interest on any amounts awarded, as permitted

by law; and

i.      Awarding such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury in this action of all issues so triable.

Dated May 20, 2020

> Respectfully Submitted,
>
> **ANASTOPOULO LAW FIRM, LLC**
>
> BY __/s/ Roy T. Willey, IV_____
>       Roy T. Willey, IV
>       Bar Number: 101010
>       Eric M. Poulin (*Bar Admission Pending)*
>       32 Ann Street
>       Charleston, SC 29403
>       P: (843) 614-8888
>       F: (843) 494-5536
>       Email: roy@akimlawfirm.com
>                  eric@akimlawfirm.com
>
> **ATTORNEYS FOR PLAINTIFF(S)**