IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>ILLINOIS INSTITUTE of TECHNOLOGY,<br><br>        Defendant. | No. 20-cv-3010<br>Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

COVID-19 is a novel coronavirus that has affected nearly every aspect of everyday life. From mask wearing to social distancing, it has changed the way we live and interact with each other. Not surprisingly, the upheaval caused by COVID-19 extended to education. Plaintiff Omar Hernandez (Hernandez) was enrolled at the Illinois Institute of Technology (IIT) as a student for the Spring 2020 semester. However, mid-way through the Spring 2020 semester, as a result of the COVID-19 pandemic, IIT suspended all in-person classes, transitioned to an online-only format and closed all non-essential campus, student, and recreational facilities. IIT required students to vacate the campus. IIT refused to issue refunds to students for the Spring 2020 semester.

Hernandez subsequently brought this lawsuit, individually and as a class action suit against IIT, alleging state law claims of breach of contract, unjust enrichment (in the alternative), and breach of implied contract (in the alternative).

R. 28, Am. Compl.¹ Hernandez seeks refunds of the amount he and members of the proposed classes are owed on a pro-rata basis, along with other damages. Before the Court is Defendant IIT's Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). R. 35, Mot. Dismiss. For the reasons that follow, IIT's motion is granted.

## Background²

IIT is a nonprofit higher education institution with campuses in Chicago and Wheaton, Illinois. Am. Compl. ¶¶ 6, 76. IIT's spring term began on January 13, 2020, with instruction slated to end on May 1, 2020 and final exams set to conclude on May 9, 2020. *Id.* ¶¶ 40–41. Spring break began on March 16, 2020 with students scheduled to return to class March 23, 2020. *Id.* ¶ 42.

On March 9, 2020, Illinois Governor J.B. Pritzker, in response to the COVID-19 pandemic, issued a disaster proclamation for the State of Illinois. On March 20, 2020, Governor Pritzker issued Executive Order 2020-10 (the March 20 Executive Order).³ R. 35, Memo. Dismiss at 3–4. The March 20 Executive Order, among other

---

¹Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

²The Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Hernandez. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

³The Court may take "judicial notice of matters which are so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority." *McCray v. Hermen*, 2000 WL 684197, at *2 n.1 (N.D. Ill. May 23, 2000) (quoting *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)). "Included in these matters are 'proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.'" *Id.* (quoting same); *see also Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012)

things, ordered citizens to stay at home at their places of residence and limited travel within the State. *Id.* at 4 (citing Exec. Order 2020-10).

In light of the COVID-19 pandemic, on March 12, 2020, IIT announced that beginning on March 23, 2020, all classes would move from in-person to online and all class, athletic activities, and conference attendance would be suspended. Am. Compl. ¶¶ 43, 45. On March 16, 2020, IIT announced that its libraries and SportsCenter would not re-open to students following Spring break. *Id.* ¶ 46. On March 20, 2020, students were asked not to return to campus absent extraordinary circumstances and those who returned were restricted to dorms, dining facilities, and travel only for essential services. *Id.* ¶¶ 50–51.

Hernandez was an IIT student who paid his Spring 2020 tuition and mandatory fees. Am. Compl. ¶¶ 17–18, 38. Due to the campus closure, campus activities were canceled, organizations no longer offered campus programming, students could not host or travel to conferences, all campus events were canceled, athletics were suspended, and all campus buildings were closed. *Id.* ¶ 39.

Hernandez subsequently filed this individual and class action[4] lawsuit against IIT. The operative complaint is the five-count Amended Complaint, consisting of two

---

("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

[4] Plaintiff seeks to bring this lawsuit on behalf of two classes. The Tuition Class is comprised of "[a]ll people who paid tuition for or on behalf of students enrolled in classes at [IIT] for the Spring 2020 semester but were denied live, in-person instruction and forced to use online distance learning platforms for the latter portion of that semester." Am. Compl. ¶ 58. The Fees Class is comprised of "[a]ll people who paid fees for or on behalf of students enrolled in classes at [IIT] for the Spring 2020 semester." *Id.*

classes. Count I alleges breach of contract (Tuition Class); Count II asserts an unjust enrichment claim in the alternative (Tuition Class); Count III asserts a breach of implied contract in the alternative (Tuition Class); Count IV alleges a breach of contract (Fees Class); and Count V asserts unjust enrichment in the alternative (Fees Class). R. 28. IIT moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss.

## Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

**Analysis**

IIT advances three arguments in support of dismissal. Memo. Dismiss. First, it maintains that Hernandez seeks damages for academic malpractice, a claim not recognized under Illinois law. *Id.* at 8. Second, even if Hernandez's academic malpractice is a recognized cause of action, IIT contends that Hernandez fails to allege a breach of contract. *Id.* at 14. Third, Hernandez does not and cannot establish that IIT was unjustly enriched or breached an implied contract. *Id.* at 20. The Court addresses each argument in turn.

### I. Educational Malpractice

IIT argues that, whether framed as a breach of contract claim, a breach of implied contract claim, or an unjust enrichment claim, each count of Hernandez's Amended Complaint asserts that IIT engaged in academic malpractice. Memo. Dismiss at 8. However, IIT asserts that such a claim is not recognized in Illinois. *Id.* (citing *Waugh v. Morgan Stanley & Co.*, 966 N.E.2d 540, 549 (Ill. App. Ct. 2012); *Fleming v. Chi. Sch. Of Prof's Psychology*, 2019 WL 247537 (N.D. Ill. Jan. 16, 2019); *Ross v. Creighton Univ.*, 957 F.2d 410, 415 (7th Cir. 1992)). Hernandez denies that his claims allege educational malpractice, as he is not asking the Court to evaluate the subjective opinions of educators in making specialized academic decisions. R. 46, Resp. at 8. Nor does he seek to evaluate educators against a standard of care regarding their teaching practices. *Id.* Instead, he alleges that IIT failed to provide Hernandez with the on-campus, in-person instruction and services it allegedly

5

promised to students, which he contends form the basis of a breach of contract or unjust enrichment claim. *Id.* at 9. The Court agrees with Hernandez.

In Illinois, claims that "raise[] questions about the reasonableness of an educator's conduct in providing educational services" or that "require[] an analysis of the quality of education," are claim[s] for educational malpractice and are non-cognizable." *Waugh*, 966 N.E.2d at 555 (internal citations omitted). To overcome the prohibition on educational malpractice claims, "the essence of the plaintiff's complaint" must be "not that the institution failed to perform adequately a promised educational service, but rather that it failed to perform that service at all." *Ross*, 957 F.2d at 417.

IIT insists that Hernandez's claims, notwithstanding their title, are, in essence, claims for academic malpractice because Hernandez asks the Court to review the substance, quality, and value of the education provided by IIT in the last six weeks of the Spring 2020 semester. Memo. Dismiss at 11. Not so. Admittedly, the Amended Complaint includes some allegations that may be read as challenging the quality of the online instruction. *See, e.g.*, Am. Compl. ¶ 111 (seeking a disgorgement of "difference between the fair market value of the online learning provided versus the fair market value of the live, in-person instruction in a physical classroom on a physical campus with all the attendant benefits for which they contracted").

However, a fair reading of Hernandez's Amended Complaint reveals that at bottom, Hernandez is complaining that he and IIT had a contract pursuant to which he paid tuition and fees to IIT to attend in-person classes and participate in in-person

6

activities and that IIT breached that agreement by moving to online classes and shuttering the campus, while refusing to return a portion of Hernandez's tuition and fees. *See* Am. Compl. ¶¶ 105–10, 115–20, 129–35, 153–56, 164–67. In short, this is a classic breach of contract case. Hernandez's Amended Complaint does not require the Court to engage in an analysis regarding the quality of the education Hernandez received at IIT. Accordingly, IIT's attempt to recast Hernandez's claim as one for educational malpractice fails. *See Miller v. Lewis Univ.*, 2021 WL 1379488, at *2–3 (N.D. Ill. Apr. 11, 2021) (rejecting defendant university's contention that plaintiff-student's nearly identical complaint asserted an educational malpractice claim); *Buschauer v. Columbia College Chi.*, 2021 WL 1293829, at *4 (N.D. Ill. Apr. 6, 2021) (same); *Oyoque v. Depaul Univ.*, 2021 WL 679231, at *2 (N.D. Ill. Feb. 21, 2021) (same). *But see Gociman v. Loyola Univ. of Chicago*, 2021 WL 243573, at *3 (N.D. Ill. Jan. 25, 2021) (finding the complaint "clearly challenges the quality of the online instruction, not whether defendant provided education 'at all'" where the plaintiff-students acknowledged receiving online instruction and credits but argued that that instruction was "worth less" than in-person instruction). The Court, having determined that Hernandez does not allege a noncognizable claim for educational malpractice, now addresses whether he has sufficiently alleged breach of contract, unjust enrichment, and breach of implied contract claims.

## II. Breach of Contract

In Counts I and IV, Hernandez claims a breach of contract. Hernandez brings Count I on behalf of the Tuition Class and alleges that in exchange for tuition, IIT

7

would enroll the students and grant them full access to campus activities and live, in-person instruction. Am. Compl. ¶ 72. According to Hernandez, IIT breached this contract when it moved to online-only instruction and refused to refund members of the Tuition Class a pro-rata share of the tuition. *Id.* ¶ 103. Hernandez brings Count IV on behalf of the Fees Class and alleges that students paid IIT certain fees in exchange for certain on-campus services and activities, and IIT breached that contract by failing to refund them a pro-rata share of fees paid. *Id.* ¶¶ 138–40, 153–56.

To state clam for breach of contract under Illinois law, a plaintiff "must allege (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Hongbo Han v. United Cont'l Holdings., Inc.*, 762 F.3d. 598, 600 (7th Cir. 2014) (internal citations and quotations omitted). In an educational setting, a plaintiff "must point to an identifiable contractual promise that the defendant failed to honor." *Fleming v. Chicago Sch. Of Prof's Psychology*, 2019 WL 247537, *3 (N.D. Ill. Jan. 16, 2019). Under Illinois law, the relationship between students and a university is contractual in nature. *Bissessur v. Ind. Univ. Bd. Of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009). The rights and obligations of the parties generally are contained in the university's catalogs and bulletins. *DiPierna v. Chicago Sch. Of Prof'l Psychology*, 893 F.3d 1001, 1006–07 (7th Cir. 2018).

The first element is not at issue in this case, as IIT does not dispute the fact that a contractual relationship existed between Hernandez and IIT. R. 48, Reply at

7. Instead, the question is whether Hernandez has sufficiently pled that IIT had a specific contractual obligation to provide in-person instruction and activities and services, and that IIT breached that obligation when it moved to online-only instruction and closed the campus and refused to offer pro-rated tuition and fee refunds. The breach of contract claims are predicated on Hernandez's contention that IIT promised its students in-person instruction and activities and services. IIT argues that Counts I and IV should be dismissed because Hernandez fails to identify a specific contractual provision requiring IIT to provide in-person instruction or activities and services. Memo. Dismiss at 14–15. Therefore, IIT contends that Hernandez fails to adequately plead a breach of contract cause of action in the educational setting. *Id.* at 15 (citing *Roe v. Loyola University New Orleans*, 2007 WL 4219174 (E.D. La. Nov. 26, 2007)). The Court agrees.

To sustain his breach of contract claim, Hernandez must point to a concrete promise of in-person instruction or activities that IIT made and failed to honor. *See Buschauer*, 2021 WL 1293829, at *4. Notably, Hernandez's Response does not cite to any paragraph in his Amended Complaint where he identifies that promise. *See generally* Resp. at 11–14. Instead, Hernandez first points to IIT's website and certain publications as containing IIT's promise of in-person instruction. Specifically, he alleges that IIT's publications are full of references to the on-campus experience, including references to student activities, class size, and student-teacher ratio. Am. Compl. ¶¶ 79–80. Hernandez also points out that when students formally accept their

9

offers for enrollment in the on-campus program, they are directed to visit the admitted students page on IIT's website. The website, according to Hernandez, states:

> Congratulations on your admission to Illinois Tech! You're about to embark on a new journey at Chicago's only tech-focused university. Experience an idea-driven curriculum with access to high-caliber research opportunities, an exciting campus life, and a window to the world through our location in the great global city of Chicago.

*Id.* ¶ 85

This webpage, however, can hardly be said to contain a *promise* of in-person instruction. In fact, the Court can discern no promise at all by IIT in this passage. Instead, IIT is merely touting the experience that students can expect to gain at IIT.

Next, Hernandez goes into great detail about how IIT markets its campus and programs. For example, he alleges that part of IIT's marketing strategy is to recruit students by promoting "the campus experience it offers, along with face-to-face, personal interaction with skilled and renowned faculty and staff, through 'hands on learning.'" Am. Compl. ¶ 21. Marketing materials, however, "are not among the terms of the contract between universities and their students." *Oyoque*, 2021 WL 679231, at *5 (internal citation omitted). No matter, as the marketing materials referenced in the Amended Complaint do not contain any concrete promises that the instruction the students would receive at IIT, nor that the activities covered by the mandatory fees, would be in-person. *See, e.g.*, Am. Compl. ¶¶ 21–22, 35, 37, 79–80; *see Buschauer* 2021 WL 1293829, at *5 (defendant-school's marketing materials advertising its "prime location in downtown Chicago, [and] describing ways that its location can

10

benefit students . . . amount to unenforceable expectations or aspirational statements, not concrete promises") (internal citations and quotations omitted).

Hernandez next contends that class registration is another area where IIT specifically promises in-person instruction, which IIT calls "traditional instruction." Am. Compl. ¶ 88. Hernandez notes that classes offered for in-person instruction are listed not only by description, but by meeting and physical classroom location. *Id.* ¶ 94. Conversely, Hernandez pleads that classes offered for online instruction are offered through the "Internet Campus" and designated, "Online Instructional Method." *Id.* ¶ 95. IIT requires all undergraduate students to obtain approval for online classes. *Id.* ¶ 92. Again, Hernandez misses the mark. Nothing in the class registration materials evinces a concrete promise by IIT that instruction would be in-person.

Last, Hernandez maintains that the parties' course of conduct further supports the proposition that students expected to receive in-person instruction on campus. Am. Compl. ¶ 96. Hernandez notes that for the weeks and months leading up to March 16, 2020, students attended physical classrooms to receive in-person instruction and IIT provided in-person instruction. *Id.* ¶ 98. However, the fact that IIT provided in-person instruction prior to the pandemic, does not "imply a contractual entitlement to instruction in the same location and manner." *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *4 (S.D.N.Y. Feb. 26, 2021). It merely reflects the pre-pandemic practice. *Id.*

True, several out-of-jurisdiction cases based on similar allegations support Hernandez's contention that he has sufficiently pled a breach of contract action. *See, e.g.*, R. 47, Pl.'s Suppl. Auth. (citing *Rosado v. Barry University, Inc.*, 2020 WL 6438684 (S.D. Fla. Oct. 31, 2020).[5] The Court, however, sees no need to look to other jurisdictions when several courts in the Northern District, applying Illinois law, have dismissed nearly identical claims to those made by Hernandez, finding that the plaintiffs failed to point to concrete promises by the defendant universities to provide in-person instruction or activities.

In *Gociman*, 2021 WL 243573, at *3–5, the district court dismissed the plaintiffs-students' complaint, finding that the plaintiffs failed to allege a specific promise for in-person instruction. The court found nothing in the defendant-university's course offering materials or course catalog that constituted a promise for in-person instruction. *Id.* at *4. The court also rejected the plaintiffs' contention that in-person instruction was implied by the difference in tuition for the "in-person" and "online-program. *Id.* It held that "[a] difference in tuition is insufficient to allege a specific contractual promise." *Id.*

In *Oyoque*, 2021 WL 679231, at *2, the plaintiff-student alleged that the defendant-university had promised in-person instruction in its academic catalog,

---

[5]Hernandez filed a second notice of supplemental authority citing five out-of-jurisdiction cases with similar holdings. R. 49. IIT filed a motion to strike the second notice, R. 50, which the Court granted because it was filed without leave of Court, R. 51. Hernandez did not file a motion requesting that the Court consider the cases cited in his second notice; even if he had, it would not have changed the Court's finding that such out-of-jurisdiction cases are of limited value in the face of multiple well-reasoned Opinions from this District applying Illinois law.

12

student handbook, and marketing materials. The district court found that the cited materials contained no concrete promises to provide in-person instruction and accordingly dismissed the plaintiff's breach of contract claim. *Id.* at *3–5.

Similarly, in *Buschauer*, 2021 WL 1293829, at *2, the plaintiff-student's breach of contract claim was premised on tuition payments and mandatory fees, which the plaintiff claimed were paid in part due to the defendant-university's promises for on-campus, in-person instruction, and access to on-campus facilities. The court found that the cited materials did not show any specific promises of on-campus, in-person instruction and services for the spring 2020 semester. *Id.* at *5–6. Most recently, the student-plaintiff in *Miller* alleged nearly identical claims, which the district court dismissed for the same reasons. 2021 WL 1379488, at *3–6.

This Court finds the reasoning of the above cases persuasive. The Court finds, in viewing the allegations of the Amended Complaint in the light most favorable to Hernandez, that the Amended Complaint fails to sufficiently plead a breach of contract action based on the payment of tuition or mandatory fees.[6] Accordingly, IIT's Motion to Dismiss Counts I and IV is granted.

### III. Unjust Enrichment

In Counts II and V, Hernandez asserts claims for unjust enrichment in the alternative to his breach of contract claims. To state an unjust enrichment cause of action under Illinois law, Hernandez must allege that IIT has unjustly retained a

---

[6]In light of the Court's finding, the Court need not address IIT's additional arguments that Hernandez's claims are barred by IIT's tuition and refund policies and that IIT's conduct was not arbitrary and capricious. *See* Memo. Dismiss at 15–19.

13

benefit to his detriment and that IIT's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *Banco Panamericano, Inc. v. City of Peoria, Ill.*, 880 F.3d 329, 333 (7th Cir. 2018) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). IIT argues that Hernandez's claim for unjust enrichment cannot stand in the presence of an express contract governing the same subject matter. Memo. Dismiss at 21. The Court agrees.

Generally, breach of contract and unjust enrichment may be pleaded in the alternative, so long as the plaintiff has not incorporated allegations of contract into his or her unjust enrichment claim. *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006). Here, the parties do not dispute the existence of a valid, enforceable contract between IIT and its students. Indeed, in its Reply, IIT acknowledges that "IIT's catalogs, bulletins, and student handbooks form a contractual relationship with students." Reply at 14. What IIT has denied is that it promised, in that contract, to provide its students with in-person instruction or on-campus services and activities. *See* Memo. Dismiss at 14.

Here, Hernandez's allegations in his unjust enrichment counts, however, are premised on IIT's failure to fulfill the terms of the express contract between the parties. *See* Am. Compl. ¶¶ 112, 115, 118–19, 160, 164–67. A plaintiff cannot state a claim for unjust enrichment where an express contract exists between the parties and concerns the same subject matter. *Gagnon v. Schickel*, 983 N.E.2d 1044, 1052 (Ill. App. Ct. 2012); *see also Ford v. Pacific Webworks, Inc.*, 2011 WL 529265, at *4 n.7 (N.D. Ill. Feb. 4, 2011) ("[B]reach of contract and unjust enrichment may be pleaded

14

in the alternative as long as plaintiffs have not incorporated allegations of a contract into their unjust enrichment claim."). Hernandez's argument that his unjust enrichment claims must be maintained because IIT may still raise a defense regarding the *enforcement* of the contract (via impossibility, impracticability, or frustration of purpose) is meritless. Resp. at 21. As noted above, both parties agree that a valid, enforceable contract exists; nowhere in the Amended Complaint or the parties' briefs does either party contest the enforceability of the contract. Hernandez simply speculates that IIT may raise such a defense in the future because it has not waived the defense. *Id.* But where a plaintiff never alleges that the contract is unenforceable, his unjust enrichment claim must fail. *US Dealer License, LLC v. US Dealer Licensing LLC*, 2019 WL 7049927, at *5 (N.D. Ill. Dec. 23, 2019).

Like Hernandez's breach of contract claims, nearly identical unjust enrichment claims have been considered and dismissed by other courts in this District because—like Hernandez's claim—each unjust enrichment claim was premised on the defendant-university's failure to fulfill contractual terms. *See Miller*, 2021 WL 1379488, at *6; *Buschauer*, 2021 WL 1293829, at *6; *Oyoque*, 2021 WL 679231, at *5. *Gociman*, 2021 WL 243573, at *5. So too must this Court dismiss Counts II and V.

### IV. Breach of Implied Contract

Finally, in Count III, Hernandez asserts claims for breach of implied contract, again in the alternative to his breach of contract claims. The elements of both an implied and express contract are the same under Illinois law: offer, acceptance, and consideration. *Nissan N. Am., Inc., v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 996

15

(7th Cir. 2007). As an initial matter, the Court is not convinced that a cause of action for a breach of an implied contract can stand in the educational setting. *See, e.g.*, *Buschauer* 2021 WL 1293829, at *4 ("In the educational setting, [plaintiff] cannot merely state that . . . an implied contract existed, but instead must point to an identifiable contractual promise that the defendant failed to honor.") (quoting *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009); *Ross*, 957 F.2d at 416–17) (internal quotations marks omitted). However, IIT does not raise the educational setting issue, but rather argues that, like his unjust enrichment claims, Hernandez's implied contract claim cannot survive because an express contract governs the same subject matter. Reply at 13–14 (citing *Conway Corp. v. Alpha Distributors, Ltd.*, 993 F.2d 1549, at *7 (7th Cir. 1993); *People ex rel. Hartigan v. Knecht Services, Inc.*, 575 N.E.2d 1378, 1383 (Ill. App. Ct. 1991); *Heavey v. Ehret*, 519 N.E.2d 996, 1001 (Ill. App. Ct. 1988)). The Court agrees.

In response, Hernandez relies on *Otto Real Estate, Inc. v. Shelter Investments*, 506 N.E.2d 351 (Ill. App. Ct. 1987) for the proposition that the existence of an express contract "does not prevent the parties from making another one tacitly, concerning the same subject matter or a different one." Resp. at 16. But *Otto* is distinguishable, as the court held that an implied contract claim could proceed in the face of an express contract where the plaintiff provided a service to defendants different from that which was the subject of the express contract. 506 N.E.2d at 354. As in *Conway*, in support of his implied contract claim, Hernandez does not allege that he or members of the Tuition Class provided a form of consideration to IIT different from that provided

16

under the express contract. *Compare* Am. Compl. ¶ 72 (Hernandez and the Tuition Class paid tuition to enroll in classes) *with id.* ¶ 133 (Hernandez and the Tuition Class "register[ed] and pa[id] for on-campus courses and access to on-campus facilities and services for the Spring 2020 semester"). On the facts alleged in the Amended Complaint, the Court cannot find an implied contract concerning subject matter different from that of the express contract between the parties. As such, Count III must also be dismissed.

## Conclusion

For the foregoing reasons, Defendant Illinois Institute of Technology's Motion to Dismiss [35] is granted. The Amended Complaint is dismissed without prejudice. Hernandez is granted leave to file a Second Amended Complaint consistent with this Order on or before May 14, 2021.

DATED: April 23, 2021

_____
United States District Judge
Franklin U. Valderrama