IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS INSTITUTE of TECHNOLOGY,<br><br>Defendant. | No. 20-cv-3010<br>Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Omar Hernandez (Hernandez), a student at Defendant Illinois Institute of Technology (IIT), brought a five-count Second Amended Complaint (SAC), individually and as a class action, against IIT following IIT's decision to transition to remote instruction in response to the COVID-19 pandemic. IIT now moves to dismiss Hernandez's SAC under Federal Rule of Procedure 12(b)(6). R. 59, Mot. Dismiss.[1] For the reason below, the Court grants the Motion to Dismiss and dismisses the SAC with prejudice.

**Background[2]**

IIT is a nonprofit higher education institution with a campus in Chicago, Illinois. R. 58, SAC ¶ 6. In Spring 2020, Hernandez was enrolled as a full-time

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.
[2]The Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Hernandez. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

student at IIT, and had paid his Spring 2020 tuition and mandatory fees for the semester. SAC ¶ 17.

On March 9, 2020, Illinois Governor J.B. Pritzker, in response to the COVID-19 pandemic, issued a disaster proclamation for the State of Illinois. On March 20, 2020, Governor Pritzker issued Executive Order 2020-10 (the March 20 Executive Order).[3] R. 60, Memo. Dismiss at 2. The March 20 Executive Order, among other things, ordered citizens to stay at home, prohibited public gatherings, and closed public schools. *Id.* (citing Exec. Order 2020-10).

In light of the COVID-19 pandemic, on March 12, 2020, IIT, along with most universities and colleges across the United States, moved from in-person to online instruction. SAC ¶ 27. Specifically, IIT told its students that all classes would be moving to an on-line only format following spring break and strongly encouraged all students to "make plans not to return to campus until further notice and finish the semester from home, if at all possible." *Id.* ¶ 45. That same week, IIT closed all its libraries and the SportsCenter. *Id.* ¶ 47. On March 20, 2020, students were prohibited from returning to campus absent extraordinary circumstances, and those who had returned to campus were restricted to their dorms, dining halls, and travel for essential services only. *Id.* ¶ 52. During the campus closure, Hernandez and other IIT

---

[3]The Court may take "judicial notice of matters which are so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority." *McCray v. Hermen*, 2000 WL 684197, at *2 n.1 (N.D. Ill. May 23, 2000) (quoting *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)); *see also Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

2

students continued to receive academic instruction online, but did not have access to campus facilities or other in-person campus events and opprotunities. *Id.* ¶ 55.

On May 20, 2020, Hernandez, individually and on behalf of others, brought a five-count complaint against IIT. R. 1, Compl. Hernandez subsequently filed a first amended complaint (FAC). R. 28, Am. Compl. IIT moved to dismiss the FAC pursuant to Rule 12(b)(6) (R. 35), which the Court granted in a Memorandum Opinion and Order (FAC Order). (R. 55, FAC Order). The Court allowed Hernandez leave to file a second amended complaint.

Hernandez filed a SAC, once again asserting five counts against IIT in an individual and class action lawsuit.[4] Count I alleges breach of contract (Tuition Class); Count II asserts an unjust enrichment claim in the alternative (Tuition Class); Count III asserts a breach of implied contract in the alternative (Tuition Class); Count IV alleges a breach of contract (Fees Class): and Count V asserts unjust enrichment in the alternative (Fees Class). SAC. IIT moves to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6). Mot. Dismiss.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and

---

[4]Plaintiff seeks to bring this lawsuit on behalf of two classes. The Tuition Class is comprised of "[a]ll people who paid tuition for or on behalf of students enrolled in classes at [IIT] for the Spring 2020 semester but were denied live, in-person instruction and forced to use online distance learning platforms for the latter portion of that semester." SAC ¶ 59. The Fees Class is comprised of "[a]ll people who paid fees for or on behalf of students enrolled in classes at [IIT] for the Spring 2020 semester." *Id.*

3

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

IIT advances three arguments in support of dismissal of Hernandez's SAC. Memo. Dismiss. First, IIT maintains that Hernandez seeks damages for academic malpractice, a claim not recognized under Illinois law. *Id.* at 14. Second, even if Hernandez's academic malpractice claim is a recognized cause of action, IIT contends that Hernandez fails to allege a breach of contract. *Id.* at 5. Third, Hernandez does not and cannot establish that IIT was unjustly enriched or breached an implied contract. *Id.* at 12. The Court addresses each argument in turn.

### I. Educational Malpractice

IIT argues that the SAC should be dismissed in its entirety because Hernandez's breach of contract, unjust enrichment, and breach of implied contract

claims are actually claims for educational malpractice, and such claims are not recognized in Illinois. Memo. Dismiss at 14–15 (citing *Waugh v. Morgan Stanley & Co.*, 966 N.E.2d 540, 549 (Ill. App. Ct. 2012)). Hernandez denies that his claims allege educational malpractice because he is not asking this Court to evaluate whether IIT provided Hernandez and other students with an effective education. R. 64, Resp. at 14. Instead, Hernandez contends that his breach of contract and unjust enrichment claims are based on IIT's failure to provide on-campus, in-person instruction and services, which Hernandez and other students paid for. *Id.* at 15. The Court agrees with Hernandez.

A fair reading of Hernandez's SAC reveals that, at bottom, Hernandez is complaining that IIT had a contract under which Hernandez paid tuition and fees for in-person classes and services at IIT, but IIT breached that contract when IIT closed its campuses, moved classes on-line, and refused to refund Hernandez a portion of the tuition and fees he paid. *See* SAC ¶¶ 73–76, 116–127, 145–47, 170–76. Admittedly, like the FAC (*see* FAC ¶ 111), the SAC contains some of the same allegations which were included in the FAC that may be construed as challenging the quality of the online education IIT provided. *See, e.g.*, SAC ¶ 127 (seeking disgorgement of "difference between the fair market value of the online learning provided versus the fair market value of the live, in-person instruction in a physical

5

classroom on a physical campus with all the attendant benefits for which they contracted").

However, as the Court previously held, "this is a classic breach of contract case." FAC Order at 6. IIT has not advanced any arguments in its motion to dismiss the SAC[5] that change the Court's analysis that "IIT's attempts to recast Hernandez's claim as one for educational malpractice fails." *Id.* (citing *Miller v. Lewis Univ.*, 533 F. Supp. 3d 678, 682–83 (N.D. Ill. 2021); *Buschauer v. Columbia College Chi.*, 2021 WL 1293829, at *4 (N.D. Ill. Apr. 6, 2021); *Oyoque v. DePaul Univ.*, 520 F. Supp. 3d 1058, 1062 (N.D. Ill. 2021)).

Therefore, for the reasons stated above and articulated in the FAC Order the Court finds that Hernandez does not allege a noncognizable educational malpractice claim in his SAC. The Court now turns to whether Hernandez has sufficiently alleged claims for breach of contract, unjust enrichment, and breach of implied contracts.

## II. Breach of Contract

In Counts I and IV, Hernandez asserts breach of contract claims. Hernandez asserts Count I on behalf of the Tuition Class and alleges that in exchange for tuition, IIT would enroll the students and grant them full access to campus activities and live, in-person instruction. SAC ¶ 73. Hernandez maintains that IIT breached this contract when it moved to online-only learning platforms without reducing or refunding tuition. *Id.* ¶ 119. Count IV is brought on behalf of the Fees Class and

---

[5]Indeed, IIT recognizes in its motion to dismiss that the Court already held that Hernandez's claims do not sound in educational malpractice. Memo. Dismiss at 14 n.5. IIT included the argument in its motion to dismiss to preserve its appellate rights. *Id.*

6

alleges that students paid IIT certain mandatory fees in exchange for certain on-campus services and activities. *Id.* ¶ 155–169. Hernandez alleges that IIT similarly breached this contract when IIT closed most campus buildings and canceled most student activities without refunding students pro-rata shares of fees paid. *Id.* at 172–73.

To state claim for breach of contract under Illinois law, a plaintiff "must allege (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Hongbo Han v. United Cont'l Holdings., Inc.*, 762 F.3d. 598, 600 (7th Cir. 2014) (internal citations and quotations omitted). In an educational setting, a plaintiff "must point to an identifiable contractual promise that the defendant failed to honor." *Fleming v. Chicago Sch. Of Prof's Psychology*, 2019 WL 247537, *3 (N.D. Ill. Jan. 16, 2019). Under Illinois law, universities and their students have a contractual relationship. *Bissessur v. Ind. Univ. Bd. Of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009). The rights and obligations of the parties generally are contained in the university's catalogs and bulletins. *DiPierna v. Chicago Sch. Of Prof'l Psychology*, 893 F.3d 1001, 1006–07 (7th Cir. 2018).

The first element is not at issue in this case because IIT does not dispute that it had a contractual relationship with Hernandez. Memo. Dismiss at 10. As with IIT's motion to dismiss the FAC, the question is whether Hernandez has sufficiently pled that IIT had a specific contractual obligation to provide in-person classes, activities, and other services, and that IIT breached that obligation when it moved to online-

7

only classes, closed its campuses, and refused to provide pro-rated tuition and fee refunds to students. *See* FAC Order at 9. IIT moves to dismiss Counts I and IV because Hernandez's SAC does not identify a specific contractual promise to provide in-person classes, activities, or other services. Memo. Dismiss at 5. Therefore, IIT argues that Hernandez fails to adequately plead a breach of contract cause of action in an educational setting. *Id.* (citing *Fleming*, 2019 WL 247537, at *3). The Court agrees.

To sustain its breach of contract claim, Hernandez must point to a concrete promise for in-person classes, activities, or services that IIT made and failed to honor. *See Ross v. Creighton Univ.*, 957 F.2d 410, 416–17 (7th Cir. 1992). Notably, Hernandez's Response once again does not cite to any paragraph in the SAC where he identifies that promise. *See generally* Resp. at 4–6. Instead, Hernandez once again points to statements on IIT's website and certain publications as containing IIT's promise of in-person classes, activities, and services, some of which Hernandez repeats from his FAC. Specifically, Hernandez alleges that references to on-campus student resources, opportunities for hands-on and active learning experiences, and proximity to exciting activities and cultural institutions in Chicago contain promises for in-person instruction, activities, and services. SAC ¶¶ 78, 80, 83–93. Hernandez also notes that IIT's website instructs potential students register for a campus visit to learn about IIT's campus and life as an IIT student. The website, according to Hernandez, states:

> There's no better way to find out if a university is a good fit than by visiting campus—to see where you'll learn, live, eat, and have fun. We have many ways

8

> to check out campus and experience life as a student. All high school and transfer student are welcome to attend our daily visits and Discover Illinois Tech Day.
>
> Please register ahead of time so we can prepare the best experience for you while on campus. If you have any questions, please to not hesitate to contact us about any of our visit experiences.

*Id.* ¶ 85

As the Court previously stated, these webpages and publications "can hardly be said to contain a promise of in-person classes, activities and services" for IIT students. FAC Order at 8. Moreover, this Court can discern no promises in the webpages and publications cited in the SAC. Instead, these webpages and publications merely tout the experience that students can expect to gain if they attend IIT.

Next, Hernandez's reference to IIT's marketing materials is equally unavailing. SAC ¶¶ 21–23. As the Court previously stated, marketing materials "are not among the terms of the contract between universities and their students." FAC Order at 8–9 (citing *Oyoque*, 520 F. Supp. 3d at 1065; *Buschauer*, 2021 WL 1293829 at *5). Moreover, these marketing materials do not contain promises that classes nor student activities and services would be in person at IIT.

Hernandez also points to certain in-person requirements—including that students attend in-person orientation, students live on campus for at least two years, students participating in internships register for in-person—in support of his position that IIT specifically promises in-person classes and on-campus activities and services. SAC ¶¶ 83–84, 99. Hernandez maintains that these conditions demonstrate that not only did IIT promise an in-person education, but it also required in-person attendance

9

of its students. Resp. at 5. However, the orientation and residency requirements do not include any promises or indications that IIT would guarantee in-person classes or access to on-campus activities and services. Hernandez's argument is further undermined by an exemption to IIT's residency requirement for students not interested in living on campus. *See Gociman v. Loyola Univ. of Chicago*, 515 F. Supp. 3d 861, 868 (N.D. Ill. 2021) (rejecting plaintiff's contention that Loyola's residency requirement "promises on-campus instruction and access to facilities and resources").

Last, Hernandez maintains that IIT promised in-person classes because its registrar distinguished between in-person classes, which IIT calls "traditional instruction," and fully on-line classes for certain graduate degree programs. SAC ¶¶ 101–103. Hernandez asserts that, not only does the registrar specifically highlight whether classes are offered in-person or online, but it also prohibits traditional undergraduate students from registering for online-only classes, absent approval. *Id.* ¶¶ 104–105. As this Court previously stated, "nothing in the class registration materials evinces a concrete promise by IIT that instruction would be in-person." FAC Order at 11. Without more, these distinctions are merely informative and not promissory. *See Gociman*, 515 F. Supp. 3d at 868 (rejecting plaintiff's contention that descriptions of courses as "on-campus" constitutes a promise to provide in-person instruction); *Miller*, 533 F. Supp. 3d at 685–686 (same).

Hernandez cites to two Central District of Illinois in support of his argument that he has identified a specific contractual promise. Resp. at 4 (citing *Doe v. Univ.*, 2020 WL 7634159, at *3 (C.D. Ill. Dec. 22, 2020); *Galligan v. Adtalem Glob. Educ.*

10

*Inc.*, 2019 WL 423356, at *7 (N.D. Ill. Feb. 4, 2019)). The Court is not persuaded by Hernandez's reliance on either case, which he fails to expand upon beyond short parenthetical descriptions of the holdings. *Id.* In *Doe v. Univ.*, the court declined to dismiss breach of contract claims relating to the university's COVID-19 response. 2020 WL 7634159, at *3. However, like two more recent in-Circuit decisions, the Court is not persuaded by the reasoning in *Doe*. *See Gociman*, 515 F. Supp. 3d at 869 (N.D. Ill. 2021) ("*Doe* did not provide a description of the complaint or the documents encompassing the alleged promise, so the court cannot determine if those claims are truly similar. In any event, there is no indication that the university in *Doe* expressly reserved the right to change course structure and content, and *Doe*'s cursory reasoning does not convince this court to follow *Doe*'s lead."); *see also Thiele v. Bd. of Trustees of Illinois State Univ.*, 2021 WL 4496941, at *8 (C.D. Ill. Sept. 30, 2021) (same). Nor does the holding in *Galligan* convince the Court that Hernandez has adequately pled the existence of a specific contractual promise. In *Galligan*, the court found that the university's commitment to ensuring that "qualified students with disabilities are afforded reasonable accommodations," which was memorialized in the student handbook, was definite enough to make it a "concrete promise rather than an 'unenforceable expression.'" 2019 WL 423356, at *7. First, nowhere in Hernandez's SAC does it reference the IIT student handbook or allege that it contained promises that classes and activities at IIT would be in-person. *See* FAC. Second, as discussed above, the FAC does not point to promises nearly as specific as that addressed in *Galligan*.

Moreover, since this Court issued the FAC Order in April 2021, another court in the Northern District of Illinois has dismissed nearly identical claims to those made by Hernandez, finding that the plaintiffs failed to point to concrete promises by the defendant university to provide in-person classes, activities, and services. *Polley v. Northwestern Univ.*, 2021 WL 4192076, at *2–7 (N.D. Ill. Sept. 15, 2021). The court rejected plaintiff's contention that statements in its admission letter regarding students being "in and out the classroom" and access to the Bette D. Harris Family and Child Clinic demonstrated a concrete promise for in-person instruction. *Id.* at *7; *see also Gociman*, 515 F. Supp. 3d at 867–69; *Oyoque*, 520 F. Supp. 3d 1058, 1063–64; *Buschauer*, 2021 WL 1293829, at *2; *Miller*, 533 F. Supp. 3d 678, 683–87.

Just as other courts in this District have dismissed nearly identical breach of contract claims for failure to identify a specific contractual for in-person classes, activities, and services, so too must this Court. The Court finds, in viewing allegations of the SAC in the light most favorable to Hernandez, as it must, that the SAC fails to sufficiently plead a breach of contract action based on the payment of tuition and mandatory fees.[6] Accordingly, IIT's Motion to Dismiss Counts I and IV is granted.

## III. Unjust Enrichment

In Counts II and V, Hernandez asserts claims for unjust enrichment in the alternative to his breach of contract claims. To state an unjust enrichment cause of action under Illinois law, Hernandez must allege that IIT has unjustly retained a

---

[6]In light of the Court's finding, the Court need not address IIT's additional arguments that Hernandez's claims are barred by IIT's tuition and refund policies and that IIT's conduct was not arbitrary and capricious. *See* Memo. Dismiss at 9–12.

12

benefit to its detriment and that IIT's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *Banco Panamericano, Inc. v. City of Peoria, Ill.*, 880 F.3d 329, 333 (7th Cir. 2018) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). IIT argues that Hernandez's claim for unjust enrichment must be dismissed because the incorporation of express contractual terms, alone, mandates dismissal of an unjust enrichment claim. Memo. Dismiss at 13. The Court agrees.

As the Court previously stated, "breach of contract and unjust enrichment [generally] may be pleaded in the alternative, so long as the plaintiff has not incorporated allegations of contract into his or her unjust enrichment claim." FAC Order at 14. Here, both parties agree that the relationship between IIT and Hernandez is governed by a contract. Memo. Dismiss at 13. However, IIT specifically denies that its contractual relationship with Hernandez contains a "concrete, identifiable promise to in-person education." R. 65, Reply at 10. Moreover, the allegations supporting Hernandez's unjust enrichment claims are premised on IIT's failure to fulfill the terms of the express contract between the parties. *See* SAC ¶¶ 116–119, 134–138, 154–168, 184–186. As the Court previously stated, "a plaintiff cannot state a claim for unjust enrichment where an express contract exists between the parties and concerns the same subject matter." FAC Order at 14 (citing *Gagnon v. Schickel*, 983 N.E.2d 1044, 1052 (Ill. App. Ct. 2012); *Ford v. Pacific Webworks, Inc.*, 2011 WL 529265, at *4 n.7 (N.D. Ill. Feb. 4, 2011)).

13

Hernandez once again argues that his unjust enrichment claims survive because IIT may still raise a defense regarding the enforcement of the contract (via common law avoidance, impossibility, and impracticability doctrines). Resp. 11–12. As noted above, both IIT and Hernandez agree that a valid, enforceable contract exists, and nowhere in the SAC or the parties' briefs does either party contest the enforceability of the contract. This is simply speculation. And as this Court previously stated, "where a plaintiff never alleges that the contract is unenforceable, his unjust enrichment claim must fail." FAC Order at 15 (citing *US Dealer License, LLC v. US Dealer Licensing LLC*, 2019 WL 7049927, at *5 (N.D. Ill. Dec. 23, 2019)).

In response, Hernandez relies on *Falconi-Sachs v. LPF Senate Square, LLC*, 142 A.3d 550, 557–58 (D.C. Ct. App. 2016) for the proposition that his unjust enrichment claims state a cause of action because it is up to "the trier of fact to establish the existence *and* enforceability of a contract" between himself and IIT. Resp. at 12 (emphasis in original). As an initial matter, *Falconi* was decided by the District Colombia Court of Appeals and does not rely on Illinois law. As such, the analysis is at most persuasive authority. *See Ins. Tr. v. River Trails Sch.*, 2003 WL 22016880, at *1 (N.D. Ill. Aug. 27, 2003). Moreover, it is factually distinguishable. In *Falconi*, the court held that an unjust enrichment claim could proceed if the trier of fact found that a liquidated damages clause was unenforceable—noting that "liquidated damages clauses here deserve special scrutiny." 142 A.3d at 557–58. Here, Hernandez does not argue that that any portion of the alleged contract between IIT and its students was unenforceable, and, as noted throughout, neither party argues

14

that no contact existed between the parties. Under Illinois law, "a plaintiff may not acknowledge throughout [their] complaint that there is an express contract, but then allege that if the defendant did not breach the contract, then it owes damages for unjustly enriching itself." *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, 2019 WL 1254912, at *4 (N.D. Ill. Mar. 19, 2019).

Like Hernandez's breach of contract claims, nearly identical unjust enrichment claims have been considered and dismissed by other courts in this District because each unjust enrichment claim was also premised on the defendant-university's failure to fulfill contractual terms. *See Polley*, 2021 WL 4192076, at *9; *Miller*, 533 F. Supp. 3d 678, 687; *Buschauer*, 2021 WL 1293829, at *6; *Oyoque*, 520 F. Supp. 3d 1058, 1065–66; *Gociman*, 515 F. Supp. 3d at 869–70. All in all, the Court finds that Hernandez fails to state a claim for unjust enrichment. Accordingly, the Court dismisses Counts II and V.

### IV. Breach of Implied Contract

In Count III, Hernandez asserts a breach of implied contract claim, again in the alternative to his breach of contract claims. The elements of both an implied and express contract are the same under Illinois law: offer, acceptance, and consideration. *Nissan N. Am., Inc., v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 996 (7th Cir. 2007).

IIT contends that, consistent with the Court's ruling in its FAC Order, that a cause of action for implied contract is not permitted in the educational setting. Memo. Dismiss at 13–14 (citing *Bissessur,* 581 F.3d at 603). In *Bissessur*, the Seventh Circuit

15

found that "a student may establish that an implied contract existed between himself and the university that entitled the student to a specific right." 589 F.3d at 601. In order to establish entitlement to a specific right, a student must point to an identifiable contractual promise that its university failed to honor. *Id.* at 602 (internal quotations omitted). Absent evidence of a specific promise, a court will not participate in "second guessing the professional judgment of [a university] on academic matters." *Ross v. Creighton Univ.*, 957 F.2d 410, 416 (7th Cir.1992). As this Court previously noted, IIT's marketing materials, residency requirements, and registrar descriptions do not identify a specific contractual promise for in-person education. *See supra* Section II. Hernandez cannot use implied contract theory as an end-run around his obligation to identify a specific contractual promise from IIT for in-person classes and on-campus activities and services. Thus, the facts alleged in the SAC cannot support a claim for breach of contract.

Hernandez does not even attempt to respond to this argument in his Response. *See* Resp. As such, he waives any response. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). The only argument he makes that can be read as one supporting this breach of implied contract claim is a statement of law in support of his contract claims more generally: "Because '[t]he existence of an implied contract . . . depends on facts, circumstances, and expressions by the parties" where the facts are disputed, "the existence of a contract is a question for the trier of fact to decide." Resp. at 5–6 (quoting *Trapani Const. Co. v. Elliot Grp., Inc.*, 64 N.E.3d 132, 141 (Ill. App. Ct. 2016)). Not only does this argument fail to explain why the Court

16

should change its holding from the FAC and find that Hernandez can state a cognizable claim for breach of implied contract, but it also includes inapplicable language from *Trapani*. *Trapani* also holds that "[g]enerally, whether a contract implied in fact exists is a question of law" and states that only when "facts are disputed [is] the existence of a contract a question for the trier of fact to decide." 64 N.E.3d at 597; *see also Quinlan v. Stouffe*, 823 N.E.2d 597 (Ill. App. Ct. 2005) (holding that, only when facts regarding the circumstances and expressions by the parties regarding contract formation are disputed, is the existence a question for the trier of fact to decide). But once again, neither IIT nor Hernandez dispute that a contract existed between them. As such, Count III must also be dismissed.[7]

## Conclusion

For the foregoing reasons, the Court grants IIT's Motion to Dismiss Hernandez's SAC [59]. Given that this is Hernandez's third pleading attempt, the

---

[7]Since the parties finished briefing the motion to dismiss the SAC, one federal court of appeals issued a ruling on a motion to dismiss a similar action filed by two university students seeking tuition reductions and fee refunds because of the switch to remote learning during the COVID-19 pandemic. *Shaffer v. George Washington Univ.*, 27 F.4th 754 (D.C. Cir. 2022). The court held that plaintiffs failed to plead breach of express contract claims, but allowed their implied breach of contract and unjust enrichment claims to proceed. *Id.* The analysis in *Shaffer* bolsters the Court's finding as to the express breach of contract action. It does not alter the Court's finding as to the implied breach of contract action because the D.C. Circuit applied District of Columbia law, whereas, as discussed above, under Illinois law, no implied breach of contract action can proceed in the educational setting. *Shaffer* also does not alter the Court's finding as to the unjust enrichment action because the D.C. Circuit found that the plaintiff may move forward with its unjust enrichment claim in the alternative, since the implied contract action was unresolved. *Id.* Because Hernandez does not have a cognizable breach of implied contract claim under Illinois law, the D.C. Circuit's reasoning is not applicable to Hernandez's unjust enrichment claim. *See Delisle v. McKendree Univ.*, 2021 WL 4402474, at *3 (S.D. Ill. Sept. 27, 2021) (citing *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) (where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, . . . unjust enrichment will stand or fall with the related claim")).

dismissal is with prejudice. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818–19 (7th Cir. 2013) (affirming dismissal with prejudice of third pleading attempt because "in court, as in baseball, three strikes and you're out"); *see also Ruiz v. Kinsella*, 770 F. Supp. 2d 936, 943 (N.D. Ill. 2011). This civil case is terminated.

Dated: March 30, 2022

_____
United States District Judge
Franklin U. Valderrama