# EXHIBIT A

~~Form LR 26.2~~
~~MODEL CONFIDENTIALITY ORDER~~

**IN THE** UNITED STATES DISTRICT COURT

**FOR THE** NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ~~Plaintiff~~ | ~~)~~<br>~~)~~<br>~~)~~<br>~~)~~<br>~~)~~ | |
| ~~v.~~ | ~~)~~<br>~~)~~<br>~~)~~<br>~~)~~ | ~~Civil No.~~<br>~~District Judge~~<br>~~Magistrate Judge~~ |
| ~~Defendant~~ | ~~)~~<br>~~)~~ | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR HERNANDEZ and HANNAH GOLDEN, individually and on behalf of all others similarly situated, | )<br>)<br>) | No. 20-cv-3010 |
| Plaintiffs, | ) | |
| | ) | Judge Franklin U. Valderrama |
| v. | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | )<br>) | Magistrate Judge Keri L. Holleb Hotaling |
| Defendant. | ) | |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

~~**[if not fully agreed]** A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:~~

51617995.1 02/07/2024

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, documents produced in response to subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential InformationDiscovery Material as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information.Definitions.

a) **Confidential Discovery Material**. As used in this Order, "Confidential Discovery Material" means any Confidential Information or Highly Confidential Information that is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

a)b) **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a1) information prohibited from disclosure by statute; (b or federal rule; (2) information that reveals trade secrets; (c3) research, technical, commercial or financial information that the party has maintained as confidential; (d4) medical information concerning any individual; (e5) personal identity information; (f except as otherwise set forth in subsection (d) below; (6) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g7) personnel or employment records of a person who is not a party to the case[1]. Information or documents that are available to the public may not be designated as Confidential Information.

---

[1] If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.

2

c) **Data Protection Laws**. As used in this Order, "Data Protection Laws" means all laws and regulations applicable to the processing or disclosure of Personal Data in connection with this matter. By way of example only and not limitation, "Data Protection Laws" includes the Family Educational Rights and Privacy Act of 1974 ("FERPA"), and the Health Insurance Portability and Accountability Act ("HIPAA") and the regulations promulgated thereunder.

d) **Highly Confidential Information**. As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the producing party that contains the Personal Data of persons not parties to this case, including putative class members other than the named Plaintiff. Except with the prior written consent of the producing party or by Order of the Court, Highly Confidential Information shall not be furnished, shown, or disclosed to any person except those individuals set forth in Paragraphs 5(b)(1), 5(b)(3), 5(b)(5), 5(b)(6), 5(b)(8), 5(b)(10) and 5(b)(11), below.

e) **Personal Data.** As used in this Order, "Personal Data" means highly sensitive materials requiring special protection and includes any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws that protect and regulate the use, storage, and transfer of data of natural persons. By way of example only and not limitation, "Personal Data" includes personally identifiable information pursuant to FERPA that is maintained in educational records and includes direct identifiers, such as students' names or identification numbers, indirect identifiers such as dates of birth, or other information which can be used to distinguish or trace students' identities either directly or indirectly through linkages with other information.

2.3. **Designation**.

3

a) A party may designate a document as Confidential ~~Information~~Discovery Material for protection under this Order by placing or affixing the words "CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential ~~Information.~~Discovery Material. The marking "CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be applied prior to or at the time ~~of~~ the documents are produced or disclosed. Applying the marking "CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of the marked documents and do not otherwise disclose the substance of the Confidential ~~Information~~Discovery Material are not required to be marked.

b) The designation of a document as Confidential ~~Information~~Discovery Material is a certification by an attorney or a party appearing pro se that the document contains Confidential ~~Information~~Discovery Material as defined in this ~~order~~Order.[2]

---

[2] ~~An~~ An attorney who reviews the documents and designates them as CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

3. ~~Depositions.³~~

~~Alternative A. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.~~

<u>c) The producing party may redact Personal Data contained within said materials, documents, testimony, or information designated as Highly Confidential Information.</u>

4. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential ~~Information~~<u>Discovery Material</u> until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given~~;~~<u>.</u> Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information <u>or Highly</u>

---

³ ~~The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative provision that is not chosen.~~

5

Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court.

3.5.   **Protection of Confidential Material.**

a) **General Protections**. Confidential ~~Information~~Discovery Material shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. ~~[INCLUDE IN PUTATIVE CLASS ACTION CASE:~~ In a putative class action, Confidential ~~Information~~Discovery Material may only be disclosed ~~only~~ to the named plaintiff~~(s)~~ and not to any other member of the putative class unless and until a class including the putative member has been certified~~.]~~. Highly Confidential Information may not be disclosed to the named plaintiff or any class members.

b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential ~~Information~~Discovery Material to any third person or entity except as set forth in subparagraphs (1)-(~~9~~10). Subject to these requirements, the following categories of persons may be allowed to review Confidential ~~Information~~Discovery Material:

1) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

2) **Parties**. Individual parties, a party's in-house counsel, and employees of a party ~~but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed~~;

6

3) **The Court and its personnel**;

4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential ~~Information~~Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential ~~Information~~Discovery Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order~~.~~;

8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); ~~and~~

9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered~~.~~; and

10) **Any Special Discovery Masters or Mediators**. Any special discovery master appointed by the Court or any mediators with whom the parties agree to mediate disputes and the personnel of those special masters or mediators.

11) **Any Class Notice Administrator**. Any person appointed as a Class Notice Administrator for the administration of sending class notices if a class is certified.

c) **Control of Documents**. Confidential Discovery Material received in electronic

7

<ins>form shall be maintained in a secure system. If a receiving party discovers an actual breach of security of the Confidential Discovery Material subject to this Order, it shall: (1) immediately notify the producing party of such breach; (2) investigate the breach; (3) provide reasonable information about the breach; and (4) if possible, describe to the producing party the Confidential Discovery Material accessed without authorization. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order, attached hereto as Exhibit A, for a period of three years after the termination of the case.</ins><del>Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.</del>

**4.** **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential ~~Information~~<ins>Discovery Material</ins> does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential ~~Information~~<ins>Discovery Material</ins> after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential ~~Information~~<ins>Discovery Material</ins>, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential ~~Information.~~<ins>Discovery Material.</ins>

**7.** **Inadvertent Disclosure of Privileged Information.**

a)  The parties agree that they do not intend to disclose information subject to a legally recognized claim of privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, or other applicable privilege) ("Non-Discoverable Information"). If, nevertheless, the producing party inadvertently discloses Non-Discoverable Information to another party, such disclosure shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that party. Consistent with Federal Rule of Evidence 502(d) and the ESI Order entered in this case, this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b)  If a producing party discovers that it inadvertently disclosed any Non-Discoverable Information, document, or thing claimed to be protected by privilege or work-product immunity, it shall promptly (no later than fourteen (14) business days after discovery) notify the receiving party in writing. Such inadvertent disclosure of such information, document, or thing shall not constitute a waiver by the producing party of any claims of privilege or work-product protection.

c)  A party that discovers that it may have received Non-Discoverable Information or otherwise protected document(s) shall promptly (no later than fourteen (14) business days after discovery) notify the producing party in writing and shall promptly (within five (5) business days after notification) return or destroy the document without distributing, disseminating, or reproducing the document, and shall retrieve or destroy the document to the extent such document has already been distributed, disseminated, or reproduced.

d)  Within seven (7) days of the notification that such Non-Discoverable Information has been returned, destroyed, or deleted, the producing party shall produce a privilege log with respect to the inadvertently produced Non-Discoverable Information. Within seven (7) days after

9

receiving the disclosing party's privilege log, a receiving party may notify the disclosing party in writing of any objection to a claim of privilege or work-product protection with respect to the inadvertently produced Non-Discoverable Information. Within fourteen (14) days of the receipt of such notification, the disclosing party and the receiving party shall meet and confer in an effort to resolve any disagreement concerning the disclosing party's privilege or work-product claim. The parties may stipulate to extend the time periods set forth in this paragraph.

e) If, for any reason, the parties do not resolve their disagreement after conducting a meet and confer, the party disputing the privileged nature of the document or information may seek relief from the Court. A party who disagrees with the privilege designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

f) The producing party bears the burden of establishing the privileged or protected nature of any inadvertently produced Non-Discoverable Information.

5. **Filing of Confidential** ~~Information~~**Discovery Material**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential ~~Information~~Discovery Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

6. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

7. **Challenges by a Party to Designation as Confidential** ~~Information~~ **Discovery Material**. The designation of any material or document as Confidential ~~Information~~Discovery

10

Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

      a) **Meet and Confer**. —A party challenging the designation of Confidential ~~Information~~Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

      b) **Judicial Intervention**.— A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential ~~Information~~Discovery Material under the terms of this Order.

    **8.**——**Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential ~~Information~~Discovery Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

    **9.**——**Use of Confidential ~~Documents or Information~~Discovery Material at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another

party may present Confidential ~~information~~Discovery Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential ~~Information.~~Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. Confidential ~~Information~~Discovery Material **Subpoenaed or Ordered Produced in Other Litigation**.

    a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential ~~Information~~Discovery Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential ~~Information~~Discovery Material and/or to take the necessary actions, if any, to comply with any Data Protection Laws, in the court from which the subpoena or order was issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential ~~Information~~Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the

party has in its possession, custody, or control Confidential ~~Information~~Discovery Material by the other party to this case.

11. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

~~12.~~15.  **Obligations on Conclusion of Litigation**.

a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b) **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential ~~Information~~Discovery Material and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable or in lieu of return;[4] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding

---

[4] The parties may choose to agree that the receiving party shall destroy documents containing Confidential ~~Information~~Discovery Material and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential ~~Information~~Discovery Material, or Confidential ~~Information~~Discovery Material contained in deposition transcripts or drafts or final expert reports.

13

the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential ~~Information~~Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential ~~Information~~Discovery Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential ~~Information~~Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential ~~Information.~~Discovery Material.

d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

12. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential ~~Information~~Discovery Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**WE SO MOVE and agree to abide by the terms of this Order**

| PLAINTIFFS OMAR HERNANDEZ AND HANNAH GOLDEN | ILLINOIS INSTITUTE OF TECHNOLOGY |
|---|---|
| By: /s/ Daniel J. Kurowski<br>Daniel J. Kurowski<br>Whitney K. Siehl<br>Hagens Berman Sobol Shapiro LLP<br>455 N. Cityfront Plaza Dr., Suite 2410<br>Chicago, IL 60611<br>Telephone: (708) 628-4949<br>dank@hbsslaw.com<br>whitneys@hbsslaw.com<br><br>Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone (206) 623-7292<br>steve@hbsslaw.com<br><br>Eric M. Poulin (Pro Hac Vice)<br>Roy T. Willey, IV (Pro Hac Vice)<br>Paul J. Doolittle (Pro Hac Vice)<br>Blake G. Abbott (Pro Hac Vice)<br>POULIN \| WILLEY \| ANASTOPOULO, LLC<br>32 Ann Street<br>Charleston, SC 29403<br>(P): (803) 222-2222<br>(F): (843) 494-5536<br>eric@poulinwilley.com<br>roy@poulinwilley.com<br>Paul.doolittle@poulinwilley.com<br>Blake.abbott@poulinwilley.com | By: /s/ William T. "Toby" Eveland<br>One of its attorneys<br>William T. "Toby" Eveland<br>(toby.eveland@saul.com)<br>Nancy DePodesta<br>(nancy.depodesta@saul.com)<br>James A. Morsch<br>(jim.morsch@saul.com)<br>Elizabeth A. Thompson<br>(elizabeth.thompson@saul.com)<br>Andrew E. Bollinger<br>(andrew.bollinger@saul.com)<br>Saul Ewing LLP<br>161 North Clark Street, Suite 4200, Chicago, Illinois 60601<br>(312) 876-7100 |

~~ATTACHMENT A~~

~~UNITED STATES DISTRICT COURT~~
~~NORTHERN DISTRICT OF ILLINOIS~~

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR HERNANDEZ and HANNAH GOLDEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | No. 20-cv-3010 |
| | ) | |
| | ) | Judge Franklin U. Valderrama |
| v. | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | ) ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order dated _____ _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order obligate him/her to use materials designated as Confidential ~~Information~~Discovery Material in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential ~~Information~~Discovery Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Confidentiality Order may result in penalties for contempt of court.

~~Name:~~ _____

~~Job Title:~~ _____

~~Employer:~~ _____

~~Business Address:~~ _____

_____

_____

~~Date:~~ _____  _____

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____
_____Signature
~~Adopted 06/29/12~~

A ~~17~~