IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR HERNANDEZ and HANNAH GOLDEN, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br>v.<br>ILLINOIS INSTITUTE OF TECHNOLOGY,<br>    Defendant. | No. 20-cv-3010<br><br>Judge Franklin U. Valderrama<br>Magistrate Judge Daniel P. McLaughlin |

**DEFENDANT'S UNOPPOSED MOTION TO CITE SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant Illinois Institute of Technology ("IIT") moves this Court to allow it to submit and cite supplemental authority in support of its Response in Opposition to Plaintiffs Omar Hernandez and Hannah Golden's ("Plaintiffs") Motion for Class Certification. In support thereof, IIT states as follows:

1. On September 9, 2024, Plaintiffs filed their Motion for Class Certification. (ECF Nos. 118-119.) On November 8, 2024, IIT filed its Response in Opposition to class certification. (ECF No. 124.) Plaintiffs' motion is fully briefed and awaiting ruling.

2. On March 26, 2025, the Southern District of New York denied class certification of a similar COVID-19 tuition reimbursement case in *Hall-Landers v. New York University*, No. 20 Civ. 03250, 2025 WL 919195 (S.D. N.Y. Mar. 26, 2025). A copy of *Hall-Landers* is attached as Exhibit A.

3. On March 31, 2025, the United States District Court for the Central District of Illinois denied class certification and granted summary judgment in favor of Bradley University in another similar COVID-19 tuition reimbursement case in *Eddlemon v. Bradley University*, No. 20-cv-1264 (ECF No. 101) (C.D. Ill. Mar. 31, 2025). A copy of *Eddlemon* is attached as Exhibit B.

4. IIT respectfully submits that the recent decisions in *Hall-Landers* and *Eddlemon* provide further support that a class should not be certified in this case. IIT cited earlier decisions in both these cases in its class certification briefing (*see* ECF No. 124 at pp. 1, 8, 14, 18-20; ECF No. 131 at p. 2) and the more recent decisions in both cases provide further support.

5. In *Hall-Landers*, 2025 WL 919195, the plaintiff brought a putative class action against New York University ("NYU") for breach of implied contract and unjust enrichment arising out of NYU's decision to transition to remote education in the wake of the COVID-19 pandemic. Similar to Plaintiffs here, plaintiff in *Hall-Landers* sought to certify a class of all undergraduate students enrolled in classes at NYU during the Spring 2020 semester who paid tuition. *Id.* at *2. To support her damages model – and again like Plaintiffs here – plaintiff submitted a conjoint analysis in an attempt to determine the difference in market value between in-person classes and full access to NYU's campus compared to the market value of online classes and no access. The court found that class certification was not appropriate on any of plaintiff's claims, as she could not meet the requirements of Federal Rule of Civil Procedure 23(b)(3).

6. On her breach of contract claims, plaintiff relied on the class registration portal which described the modality of class, NYU's marketing materials sent to prospective students describing the benefit of an in-person, on-campus education, and NYU's past conduct. With regard to the class registration portal, the court found that it could not constitute a specific promise sufficient to imply a contract for in-person education. NYU's marketing materials could not form the basis for an implied contract either for the same reason. The court went on to state that even if the marketing materials could be specific enough to infer a promise for in-person education "establishing which putative class members received which materials requires an individualized inquiry." *Id.* at *9. That is because the court would be required to look into "which students

received different materials, what statements those different materials contained, and whether those statements contained specific promises of in-person instruction." *Id.* Finally, the court found that breach of contract actions between a student and a university must be grounded in text and cannot be inferred from the parties' course of conduct. *Id.* at *10. Accordingly, the court held that individualized issues predominated plaintiff's breach of contract claim and class certification was not warranted.

7. The court also found a class should not be certified on plaintiff's unjust enrichment claims. Noting that to recover for unjust enrichment, a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that equity and good conscience require restitution, the court stated that "whether 'equity and good conscience requires restitution' presents 'intractably individualized issues.'" *Id.* at *11. Specifically, the court stated:

> [W]hether equity and good conscience warrant damages depends on numerous individual factors, such as the student's course of study, the amount of in-person services and facilities they expected to use, and, ultimately, whether they obtained the education they expected when they paid tuition for the Spring 2020 semester.

*Id.* For that reason, the court found individualized issues predominated in plaintiff's unjust enrichment claim as well.

8. The same is true here. As further discussed in IIT's Response, individualized issues predominate both Plaintiffs' breach of contract claims and their unjust enrichment claims. *Hall-Landers* provides further support for that position.

9. In *Eddlemon*, the court denied class certification and granted summary judgment in favor of Bradley University on plaintiff's claims for breach of contract and unjust enrichment against his university related to the university's transition to remote education in response to the COVID-19 pandemic. The court relied upon a disclaimer in Bradley University's handbook that it could be revised in finding no breach of contract. The court also found that even were there a

3

breach of contract, that breach was excused by the frustration of purpose doctrine. The court similarly found that plaintiff's unjust enrichment claims failed for the same reason. The court held:

> [e]ven if the University had retained a benefit, any reasonable jury would find that the University was discharged from its obligations due to frustration. Governor Pritzker's Executive orders prohibited any gathering of more than 10 people and closed all public places of amusement. It also instructed that all non-essential business and operations must cease. Because of the executive orders, the purported contract's purpose was frustrated and Eddlemon is not entitled to relief.

IIT relied heavily on the Seventh Circuit's decision in *Eddlemon v. Bradley Univ.*, 65 F.4th 335 (7th Cir. 2023), which reversed class certification. On remand, the district court found that plaintiff also had no individual claims. The same result is warranted here.

10. Counsel for IIT conferred with Plaintiffs' counsel prior to filing this motion and Plaintiffs do not oppose IIT notifying the Court of these two recent decisions.

WHEREFORE, IIT respectfully requests that this Court grant IIT's Motion to Cite Supplemental Authority, specifically *Hall-Landers v. New York University*, No. 20 Civ. 03250, 2025 WL 919195 (S.D. N.Y. Mar. 26, 2025) and *Eddlemon v. Bradley University*, No. 20-cv-1264 (ECF No. 101) (C.D. Ill. Mar. 31, 2025), and grant IIT such further relief as this Court deems equitable and just.

Dated: April 4, 2025

Respectfully submitted,

Illinois Institute of Technology

By: /s/ Elizabeth A. Thompson
    One of its attorneys

William T. "Toby" Eveland (toby.eveland@saul.com)
Hal R. Morris (hal.morris@saul.com)
James A. Morsch (jim.morsch@saul.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Andrew E. Bollinger (andrew.bollinger@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200 Chicago, Illinois 60601
(312) 876-7100

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on April 4, 2025, she caused this document to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

                                                                           /s/ Elizabeth A. Thompson